UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRODERICK HODGE,

    Plaintiff,

v.

COREY GRAHN, et al.,

    Defendants.
_____/

Case No. 1:18-cv-359

HON. JANET T. NEFF

## OPINION AND ORDER

Plaintiff filed this prisoner civil rights action in March 2018 against numerous individuals, alleging violation of his First and Eighth Amendment rights pursuant to 42 U.S.C. § 1983 as well as various state law claims. In April 2018, this Court ordered service of the Complaint upon Defendant Corey Grahn, a nurse practitioner, and Corizon, Inc. (Corizon), among others (ECF No. 8). In July 2018, Defendants Grahn and Corizon moved for summary judgment of the claims against them. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendants' motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendants filed a response. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

In his objections, Plaintiff first challenges the Magistrate Judge's analysis of his First Amendment retaliatory transfer claim against Defendant Grahn. Plaintiff argues that because discovery would reveal the "proof of the reasons for [his] transfer," the Magistrate Judge erred in recommending that Defendants' motion be granted (Pl. Obj., ECF No. 45 at PageID.541). According to Plaintiff, his transfer "was intended to remove Plaintiff from the prisoner that was assisting him" in presenting his grievances and civil complaints (*id.*).

Plaintiff's objection is properly denied. The Magistrate Judge concluded that Plaintiff's claim failed because he could not satisfy either the adverse action or the causation elements of a retaliatory transfer claim (R&R, ECF No. 44 at PageID.528-530). The Magistrate Judge did not err in placing on Plaintiff the burden of demonstrating that his claim fell within the exception to the general rule that an alleged "retaliatory transfer" ordinarily should be characterized as de minimis and dismissed at the summary judgment stage. *See Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011). Even assuming arguendo that Plaintiff could meet his evidentiary burden of demonstrating a sufficiently adverse consequence that Defendant Grahn should have foreseen, Plaintiff wholly fails to address the causation element of his claim and the Magistrate Judge's determination that "by failing to allege or establish the date(s) on which his allegedly protected conduct occurred and the date(s) on which the allegedly retaliatory conduct occurred, Plaintiff has failed to allege or demonstrate a chronology of events from which retaliation can plausibly be inferred" (R&R, ECF No. 44 at PageID.530). Therefore, Plaintiff's objection fails to demonstrate that the Magistrate Judge erred in ultimately concluding that Defendant Grahn is entitled to summary judgment on Plaintiff's First Amendment retaliatory transfer claim.

Second, Plaintiff challenges the Magistrate Judge's analysis of his Eighth Amendment deliberate indifference claim against Defendant Grahn. Plaintiff argues that the Magistrate Judge

"incorrectly interpreted Plaintiff's claim as a simple disagreement with the treatment received" whereas Plaintiff posits the "sole issue is that Defendant Grahn did not provide treatment" but "require[ed] Plaintiff to 'have a few more seizures'" in order to receive anti-seizure medication (Pl. Obj., ECF No. 45 at PageID.543).

Plaintiff's objection is properly denied. The Magistrate Judge delineated Defendant Grahn's treatment path from September 2016 through December 20, 2016, when Defendant Grahn prescribed Plaintiff anti-seizure medication (R&R, ECF No. 44 at PageID.532-534). The Magistrate Judge concluded that "the evidence reveals that Grahn did not refuse to treat Plaintiff, but instead made a decision to wait to prescribe anti-seizure to Plaintiff until it was established that Plaintiff was suffering recurrent seizures rather than simply a single, isolated seizure" (*id.* at PageID.534). Noting that this course of treatment is acceptable medical practice, the Magistrate Judge held that "Plaintiff's claim is based on nothing more than his disagreement with Defendant's exercise of his medical judgment," which is insufficient under the case law to maintain a denial of medical treatment claim (*id.*). As Defendants point out in their response to Plaintiff's objection (Defs. Resp., ECF No. 47 at PageID.553), Plaintiff's objection itself simply restates Plaintiff's personal belief that the medical treatment was not appropriate. Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Last, Plaintiff "disagrees" with the Magistrate Judge's recommendation to dismiss Defendant Corizon (Pl. Obj., ECF No. 45 at PageID.543-544). Plaintiff argues that Defendant Corizon "failed to implement, sanction, ratify and failed to develop policies and practices that were designed to deny, delay or intentionally interfere with prisoner's healthcare and safety needs" and, pursuant to an official policy or custom, "withholds medical treatment to prisoners to save money" (*id.*).

Plaintiff's objection is properly denied. The Magistrate Judge concluded that Plaintiff failed to present evidence that would satisfy any of the theories for imposing liability against Defendant Corizon (R&R, ECF No. 44 at PageID.537-538). Plaintiff's objection again merely restates his theories and fails to demonstrate any factual or legal error in the Magistrate Judge's conclusion that Defendant Corizon is entitled to dismissal.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, including the Magistrate Judge's recommendation that this Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims against Defendants Grahn and Corizon, which will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3). Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 45) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 44) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 16) is GRANTED.

**IT IS FURTHER ORDERED** that this Court DECLINES to exercise supplemental jurisdiction over Plaintiff's state-law claims against Defendants Grahn and Corizon, Inc. and the state-law claims against Defendants Grahn and Corizon, Inc. are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: March 12, 2019 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge